IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 3:11-CR-85 |
| v. | ) | |
| | ) | |
| ANTHONY HAYNES, | ) | (PHILLIPS/ SHIRLEY) |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

This case is before the undersigned for a report and recommendation on the issue of restitution. See 28 U.S.C. § 636(b). Defendant Haynes entered [Doc. 21] a guilty plea to distribution and possession of child pornography and was sentenced [Doc. 31] to 121 months in prison. The Defendant was found [Doc. 30] to be jointly and severally liable to victim "Vicky" and ordered to pay $757,706.58 in restitution, less any amount the victim had already been paid for future economic losses. The Court of Appeals for the Sixth Circuit vacated the restitution order and remanded the case for further proceedings consistent with Paroline v. United States, 134 S. Ct. 1710 (2014). [Doc. 38, United States v. Anthony Haynes, No. 12-5970 (6th Cir. June 30, 2014), p.5]. In so ruling, the appellate court directed that "the district court may reconsider the restitution award de novo and exercise its discretion to admit new evidence or argument." Id. On July 15, 2014, District Judge Thomas W. Phillips referred [Doc. 39] this case to the undersigned

for an evidentiary hearing and a report and recommendation regarding (1) whether the Defendant's actions proximately caused Vicky's injuries and (2) if so, the amount of restitution, if any, that is appropriate in this case.

On August 11, 2014, the undersigned held a status conference on the restitution matter. Assistant United States Attorney Matthew T. Morris appeared on behalf of the Government. Attorney Angela Morelock represented the Defendant. At that time, the Court identified the issues relevant to its determination, established a briefing schedule, and scheduled the restitution hearing for November 17, 2014. On September 9, 2014, the parties filed a joint Stipulation Regarding Restitution [Doc. 43]. The joint stipulation states that the parties met with the victim's representative and now agree that the Court should order the Defendant to pay the victim $1,000 in restitution. The parties also agree that the Court should not order that this restitution obligation be joint and several with any other persons convicted of crimes relating to photographs of Vicky. The parties agree that all other provisions of the Judgment of conviction [Doc. 31] in this case, including the terms of payment, shall remain the same. The stipulation states that the Defendant waives his right to a hearing on the restitution determination and agrees that the restitution order should be modified as stated without further proceedings before the Court.

Based upon the parties joint stipulation and the Defendant's waiver, the Court finds that an evidentiary hearing is no longer necessary. The Court **RECOMMENDS** that the District Judge enter an amended judgment stating that the Defendant shall pay $1,000 in restitution to Vicky, by and through her representative, and

that this payment is not joint and several. In all other respects, the Judgment of conviction shall remain the same.[1]

Respectfully submitted,

s/ C. Clifford Shirley, Jr.
United States Magistrate Judge

---

[1] Any objections to this report and recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Crim. P. 59(b)(2) (as amended). Failure to file objections within the time specified waives the right to review by the District Court. Fed. R. Crim. P. 59(b)(2); see United States v. Branch, 537 F.3d 582, 587 (6th. Cir. 2008); see also Thomas v. Arn, 474 U.S. 140, 155 (1985) (providing that failure to file objections in compliance with the required time period waives the right to appeal the District Court's order). The District Court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive, or general. Mira v. Marshall, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370, 1373 (6th Cir. 1987).